UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:

DIANE J. TACASON d/b/a
CUTTING EDGE SPORTS
    Debtors

Chapter 11
Case No. 12-11879-JMD

**DEBTOR'S OPPOSITION TO NOTICE OF
COMPLIANCE FILED ON BEHALF OF JOHN GRAY**

NOW COMES the Debtor, by counsel, and states to this Honorable Court her opposition to the Notice of Compliance with the Court's Order filed on behalf of John Gray.

The Debtor states as follows:

1. The parties were before this Court for a hearing on December 17, 2012 on the issue of John Gray's Motion to Conduct Rule 2004 Examination of the Debtor.

2. With regard to items 11 through 29 of the documents requested by John Gray, the parties, along with the Court, went line-by-line in reviewing the items requested and whether or not the Court would require the Debtor to produce such items.

3. John Gray's counsel forwarded a proposed revised schedule of documents to be produced by the Debtor ten (10) days later, and in the period of time between the Christmas holiday and the New Year's holiday. The revised document was forwarded on December 27, 2012 at 1:36 p.m., the Thursday afternoon just prior to the New Year's holiday weekend.

4. On January 3, 2013, without prior notice, telephone conference call or request, John Gray's counsel then filed a certification that he complied with the Court's Order that a revised schedule of documents to be produced by the Debtor be submitted to the Court as ordered by the Court.

5. However, Mr. Gray's counsel has not complied with the Court's Order. The schedule of documents provided is incorrect, and not as ordered by the Court. Revisions to the schedule of items are attached hereto as an exhibit, and contain certain revision marks.

6. To the recollection of counsel for the Debtor, there was no deadline by which the Court required the schedule of documents to be submitted, and insofar as Mr. Gray's counsel waited ten (10) days to submit a proposed schedule, the Debtor's counsel, who was unavailable for the holiday period, essentially had the email from Gray's counsel for only two (2) days before the filing was submitted to the Court by Gray's counsel.

7. All of this has resulted in a terrific waste of time for the parties.

8. Based on the foregoing, the Debtor requests this Honorable Court to not enter the Order requested by John Gray. The Court, if it chooses to act, should severely restrict John Gray in his conduct of Rule 2004 Examination, at least as per the Court's Order of December 17, 2012, and in accordance with the revised schedule attached hereto. Lastly, the Court should make clear in any order to issue that John Gray is not allowed to attend any examination of the Debtor, as he is still subject to a state court restraining order issued in response to threats made to the Debtor.

WHEREFORE, the Debtor respectfully requests this Honorable Court to deny the requests and to strike the Notice of Compliance issued on behalf of John Gray and to grant her such other and further relief as this Court deems just and proper.

Respectfully submitted,<br>
Diane Tacason<br>
By her attorney,

Dated: January 3, 2013

/s/ Michael B. Feinman
Michael B. Feinman
BBO#545935
Feinman Law Offices
23 Main Street
Andover, MA  01810
Tel:  978-475-0080
Fax: 978-475-0852
Email:mbf@feinmanlaw.com

## CERTIFICATE OF SERVICE

I, Michael B. Feinman, hereby certify that I have this day served the forgoing pleading, by mailing a true and accurate copy of each, if not shown as being served electronically, via first class mail and postage prepaid, to the following parties in interest:

United States Trustee
Email: USTPRegion01.MR.ECF@usdoj.gov

Patrick M. Groulx, Esq.
Email: prgroulx@polislegal.com

Dated: January 3, 2013

/s/ Michael B. Feinman
Michael B. Feinman

11x5014/Opposition to Notice of Compliance

## SCHEDULE A

As used herein, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

1. Any and all documents evidencing the amounts listed in your response to Question 1 on your Statement of Financial Affairs.

2. Any and all documents evidencing the amounts listed in your response to Question 2 on your Statement of Financial Affairs.

3. Any and all documents evidencing the value of all real property listed on the Debtor's Schedule A.

4. Any and all documents evidencing the value of all property listed on the Debtor's Schedule B.

5. Any and all documents evidencing the claims listed in Item 21 of the Debtor's Schedule B.

6. Any and all descriptions of the property described in Item 29 of the Debtor's Schedule B.

7. Any and all valuations or other evidence of the value of the property described in Item 29 of the Debtor's Schedule B.

8. Any and all descriptions of the property described in Item 30 of the Debtor's Schedule B.

9. Any and all valuations or other evidence of the value of the property described in Item 30 of the Debtor's Schedule B.

10. Any and all documents regarding the Diane Tacason Revocable Trust of 2007, including but not limited to bank accounts in the name of the trust, payments made from the trust, investments of trust property, and the trust instrument.

11. Any and all documents from June 1, 2011, to the present evidencing payment for any and all debts to any entities listed on your June 8, 2012, Schedule D and your September 6, 2012, Schedule D.

1

12. Any and all documents from January 1, 2004, to the present evidencing any and all debts to any entities listed on your June 8, 2012, Schedules D, E, and F and your September 6, 2012, Schedules D and F.

13. [None.]

14. [None.]

15. [None.]

16. [None.]

17. Any and all documents evidencing or constituting the <u>current</u> lease of 7 Bryant Street, Woburn, Massachusetts, 01801.

18. [None.]

19. ~~Any and all documents from January 1, 2004, to the present evidencing all payments listed on your Schedule J~~[None].

20. ~~Any and all documents from January 1, 2004, to the present evidencing all line items on your detailed statement of expenses justifying Line 7 of Schedule I~~[None].

21. Any and all documents from June 1, 2011, to the present regarding or evidencing payments on all credit cards in your name or the name of Djaygee, Inc.

22. Any and all documents from June 1, 2011, to the present evidencing or constituting transfers of assets from Djaygee, Inc., to the Debtor personally.

23. Any and all documents from June 1, 2011, to the present evidencing or constituting transfers of assets from the Debtor personally to Djaygee, Inc.

24. [None.]

25. Any and all documents from June 1, 2011, to the present evidencing or constituting the payment or assumption of debts of Djaygee, Inc., by the Debtor personally.

26. Any and all documents from June 1, 2011, to the present evidencing or constituting the payment or assumption of debts of the Debtor personally by Djaygee, Inc.

2

27. [None.]

28. [None.]

29. Any and all documents supporting or evidencing any and all disputes regarding any debt that you identify as "disputed" in Schedules D, E, and F.