UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:

DIANE J. TACASON d/b/a
CUTTING EDGE SPORTS
    Debtors

Chapter 11
Case No. 12-11879-BAH

## DEBTORS' FIFTH MOTION FOR FURTHER AUTHORIZATION TO USE CASH COLLATERAL

NOW COMES the Debtor, by counsel, and move this Honorable Court for further authorization and for the entry of an Order authorizing use of cash collateral.[1]

In support hereof, the Debtors state as follows:

1. The Debtor has herewith caused to be filed her voluntary Chapter 13 petition for relief on June 8, 2012.

2. The Debtor converted the Chapter 13 case to proceedings under Chapter 11 on October 16, 2012 and remains as a Chapter 11 debtor in possession of her assets and continues to operate her business affairs pursuant to the provisions of the Bankruptcy Code.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. Venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2).

4. The Debtor receives business income which constitutes cash collateral of her secured creditor, TD Bank, NA.

---

[1] Authorization for the use of cash collateral and granting of post-petition liens was previously granted by this court by order dated August 13, 2012.

5. On a pre-petition basis, the Debtors have indebtedness to TD Bank, NA secured as follows:

**Business Assets of Cutting Edge Sports** Value $37,000.00

    a. A first priority perfected security interest of TD Bank, NA (the "Bank") in all business assets of the Debtor located at her place of business, 1 Bryant Street, Woburn, MA ("Woburn Assets"). As of the Petition Date, the outstanding balance to the Bank was approximately $42,598.47.

    b. No other liens of encumbrances on such assets exist, which, in aggregate are estimated by the Debtor to be in the value of $37,000.00.

6. Pursuant to the various instruments providing security therefore by and between the Debtor and the Bank, the Bank asserts that it holds priority security interests in and liens on all of the Debtor's Woburn Assets ( sometimes herein the "Pre-petition Collateral"). The Bank appears to have perfected its security interests in the Pre-petition Collateral by filing UCC Financing Statements with the proper authorities.

7. Pursuant to the security interest held by the Bank on the Pre-petition Collateral, certain cash and cash equivalents held by the Debtor or in which the Debtor held an interest as of the Petition Date, and the proceeds, products, offspring, rents or profits of the Pre-petition Collateral received by the Debtor after the commencement of the case may constitute cash collateral in which the Bank has an interest in within the meaning of Sections 363(a) and 552(b) of the Bankruptcy Code (the "Cash Collateral").

8. The Debtor does not have available sources of working capital and financing to carry on the operation of her business without the use of cash collateral. In the absence of the use of cash collateral, the continued operation of the Debtors' business would not be possible, and serious and irreparable harm to the Debtor and her bankruptcy estate would occur. The use of the cash collateral is therefore critical to preserve and maintain the going concern value of the Debtor, and essential to her reorganization effort.

9. Further, as to the Bank's secured position, it is at least partially undersecured as to its collateral.

## RELIEF REQUESTED

10. Pursuant to 11 U.S.C. §§105(a), 361 and 363, the Debtor seeks to use Cash Collateral to pay necessary operating and personal expenses during these Chapter 13 proceedings until further order of the Court, thereby preserving and increasing the value of the assets for the benefit of all creditors and parties in interest including the Bank. The Debtor seeks use of cash collateral through and including the date for a period through and including November 26, 2013.

11. Annexed hereto as Exhibit "1" are the projected uses of cash collateral by the Debtors for the remainder of the calendar year, 2013.

12. As adequate protection for the Debtor's use of Cash Collateral and any diminution in the value of the Pre-petition Collateral arising on account of the Debtor's use thereof, effective as of the Petition Date, the Debtor proposes to grant to the Bank, in the order of its priority, existing as of the date of the filing of the Debtor's petition, a continuing, valid, binding, enforceable and

automatically perfected postpetition replacement security interests (collectively, the "Replacement Lien"), that were otherwise encumbered by valid, perfected pre-petition security interests immediately prior to the Petition Date, together with any proceeds and products therefrom (collectively, the "Collateral"). In addition, as set forth in Exhibit "1", the Debtor proposes to pay to the Bank monthly the sum of $961.80[2] as adequate protection, pending the filing and approval of a plan of reorganization.

13. The Replacement Lien shall be equivalent to and shall maintain the same priority, validity and enforceability as the creditors' liens on the Pre-petition Collateral. Such lien, however, is and shall be subject to the Debtor's rights under the Bankruptcy Code and other law to challenge the claims of the creditors, as well the extent, validity or priority of the security interests and mortgages of such creditors.

14. The Debtor believes that the terms of such arrangements are fair and reasonable under the circumstances and reflect the Debtor's exercise of prudent business judgment consistent with her fiduciary duties. The Debtor further believes that the Budget is adequate to pay all administrative expenses due and payable during the period covered by the Budget. Accordingly, the Debtor believes that the Bank is entitled to the protections referenced herein.

15. Given that the interests of the creditors are adequately protected, it is in the best interests of the Debtor and the estate that the operations of the Debtors continue and that the Debtors be authorized to utilize the Cash Collateral.

---

[2] This monthly amount is the regularly scheduled payment otherwise due and owing to this creditor.

16. Accordingly, the Debtors request that they be authorized to use the Cash Collateral for the purposes of paying necessary business expenses pursuant to 11 U.S.C. §363 and that the Court grant the Lender replacement liens on post-petition assets pursuant to 11 U.S.C. § 361, in accordance with the terms of the proposed Interim Order attached hereto.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter an Order substantially in the form attached hereto authorizing the Debtor to utilize Cash Collateral pursuant to 11 U.S.C. §§361 and 363, (ii) approve the form and manner of notice and schedule a final hearing thereon, and (iii) grant such other and further relief as is just and equitable.

                                            Respectfully submitted,
                                            Diane J. Tacason

                                            By her attorney,

Dated: 10/31/13                  /s/ Michael B. Feinman
                                            Michael B. Feinman
                                            BBO#545935
                                            Feinman Law Offices
                                            23 Main Street
                                            Andover, MA  01810
                                            Tel:  978-475-0080
                                            Fax: 978-475-0852
                                            Email:mbf@feinmanlaw.com

11x5014/Pleadings/FifthMotionforUseCashCollateral

| | 2013 January | February | March | April | May | June | July | August | September | October | November | December |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Income | $18,000.00 | $19,500.00 | $19,500.00 | $20,000.00 | $19,500.00 | $16,000.00 | $16,000.00 | $20,000.00 | $28,000.00 | $26,000.00 | $27,000.00 | $27,000.00 |
| Rent | $2,540.00 | $2,540.00 | $2,540.00 | $2,540.00 | $2,540.00 | $2,540.00 | $2,540.00 | $2,540.00 | $2,540.00 | $2,540.00 | $2,540.00 | $2,540.00 |
| Bank Payment | $946.53 | $946.53 | $946.53 | $946.53 | $946.53 | $961.80 | $961.80 | $961.80 | $961.80 | $961.80 | $961.80 | $961.80 |
| Health Insurance | $1,225.14 | $1,225.14 | $1,225.14 | $1,225.14 | $1,225.14 | $1,234.50 | $1,234.50 | $1,234.50 | $1,234.50 | $1,234.50 | $1,234.50 | $1,234.50 |
| Gas | $150.00 | $130.00 | $160.00 | $161.00 | $160.00 | $120.00 | $40.00 | $30.00 | $30.00 | $30.00 | $30.00 | $160.00 |
| Electric | $525.00 | $490.00 | $490.00 | $490.00 | $490.00 | $400.00 | $400.00 | $450.00 | $500.00 | $550.00 | $430.00 | $350.00 |
| Phone - Internet | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 |
| Payroll (Gross) | $6,450.00 | $6,650.00 | $6,650.00 | $6,650.00 | $6,650.00 | $5,500.00 | $5,500.00 | $5,000.00 | $6,000.00 | $6,500.00 | $6,500.00 | $6,500.00 |
| Insurance | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 |
| Shipping | $350.00 | $300.00 | $400.00 | $401.00 | $402.00 | $402.00 | $402.00 | $402.00 | $402.00 | $402.00 | $402.00 | $402.00 |
| Alarm | $40.00 | $40.00 | $40.00 | $40.00 | $40.00 | $40.00 | $40.00 | $40.00 | $40.00 | $40.00 | $40.00 | $40.00 |
| Office Supplies | $100.00 | $90.00 | $120.00 | $121.00 | $120.00 | $100.00 | $100.00 | $100.00 | $120.00 | $120.00 | $120.00 | $150.00 |
| Business Insurance | $310.00 | $310.00 | $310.00 | $310.00 | $310.00 | $310.00 | $310.00 | $310.00 | $310.00 | $310.00 | $310.00 | $310.00 |
| Worker's Comp | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 |
| Supplies - Inventory | $1,650.00 | $1,750.00 | $1,800.00 | $1,900.00 | $1,800.00 | $500.00 | $500.00 | $500.00 | $1,000.00 | $1,500.00 | $1,500.00 | $1,500.00 |
| Municipal Tax | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 |
| Bank Fees | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 |
| UST Fees | | | | | | | | | | | | |
| Total Expenses | $15,316.67 | $15,501.67 | $15,711.67 | $15,814.67 | $15,713.67 | $13,138.30 | $13,058.30 | $12,598.30 | $14,168.30 | $15,218.30 | $15,098.30 | $15,178.30 |
| Cash Flow | $2,683.33 | $3,998.33 | $3,788.33 | $4,185.33 | $3,786.33 | $2,861.70 | $2,941.70 | $7,401.70 | $13,831.70 | $10,781.70 | $11,901.70 | $11,821.70 |